THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, #Y40172, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:20-cv-00303-GCS |
| ) | |
| VANDALIA OFFICIALS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**

Plaintiff Donald Henneberg was a state prisoner incarcerated at Vandalia Correctional Center ("Vandalia") in the Illinois Department of Corrections ("IDOC") at the time he filed this civil rights action pursuant to 42 U.S.C. § 1983. He has since been released from custody. (Doc. 7). He alleges deprivations of his constitutional rights while he was confined at Vandalia, in that he was punished for a disciplinary infraction without being afforded due process. He seeks monetary damages.

This case is now before the Court for a preliminary merits review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner[2] Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

[2] Although Plaintiff is no longer incarcerated, the pre-screening requirement of § 1915A, which is part of the Prison Litigation Reform Act ("PLRA"), still applies. The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the PLRA, must be made as of the date the lawsuit is filed. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

On February 11, 2020, an unknown first shift officer (John Doe) wrote him a disciplinary ticket for refusing to go to the morning medication line. (Doc. 1, p. 6). Plaintiff asserts he did not "refuse" to go, but instead did not get in the line because he was not due to receive any morning medications.

After Plaintiff was served with the ticket, he wrote a request for an extension on the hearing date so he could gather his evidence and names of witnesses. He gave that request to the "same officer." (Doc. 1, p. 6). Two days later, Plaintiff was called to the disciplinary hearing where hearing officers Kristina H. and Chris Weber said they could not find Plaintiff's request. The hearing officers refused to grant him any additional time, and they found Plaintiff guilty. Plaintiff indicates that his punishment included a loss of good conduct time. (Doc. 1, p. 4, 7).

### Discussion

Based on the allegations in the Complaint, the Court designates the following single claim in this *pro se* action:

> Count 1: Vandalia officials violated Plaintiff's due process rights by issuing him a false disciplinary ticket and finding him guilty without allowing him to present evidence or witnesses in his defense.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.³

The Court finds that the Complaint, as currently drafted, fails to state a claim and must be dismissed. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). To state a claim against a defendant, a plaintiff must describe what each named defendant did, or failed to do, that violated the plaintiff's constitutional rights. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555; FED. R. CIV. PROC. 8(a)(2). Furthermore, to be treated as a defendant, the party must be specified in the case caption. S*ee Myles v. United States*, 416 F.3d 551, 551-552 (7th Cir. 2005).

Here, Plaintiff lists "Vandalia Officials" as the only defendants in the Complaint. (Doc. 1, p. 1-2). Merely asserting that a group of employees violated Plaintiff's constitutional rights does not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, which requires a short, plain statement of the case against each individual defendant. *See, e.g.*, *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009)(finding the

---

³ *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to plead personal involvement); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"); *Twombly*, 550 U.S. at 555 (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level.").

Plaintiff also fails to mention specifically the group he identifies as "Vandalia Officials" in his statement of claim. (Doc. 1, p. 6). Instead, he describes the conduct of a John Doe Officer and two Hearing Committee Officers (Kristina H. and Chris Weber). It is permissible to use the "John/Jane Doe" designation to refer to parties whose names are unknown – but to do so, Plaintiff must refer to each Defendant individually in the case caption and throughout the Complaint. Additionally, while Plaintiff includes the names of the hearing officers in his statement of claim, he fails to list those persons as Defendants in the case caption or in his description of the parties. (Doc. 1, p. 1-2). Because the Complaint does not sufficiently list the Defendants in the case caption and then describes these individuals and their conduct in the Complaint, Count 1 and the Complaint (Doc. 1) will be dismissed without prejudice for failure to state a claim upon which relief may be granted. However, Plaintiff shall be given an opportunity to submit an amended complaint to correct the deficiencies in his pleading.

There is an additional issue that may prevent Plaintiff from pursuing this action. A claim predicated on an allegedly false disciplinary ticket that resulted in punishment including a revocation of good conduct time may be barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See also Edwards v. Balisok*, 520 U.S. 641, 646-648

(1997)(extending *Heck* rule to damage claims arising from prison disciplinary actions). *Edwards* and *Heck* will prevent a prisoner from maintaining a civil rights lawsuit for damages if a judgment in favor of the prisoner would necessarily imply that he was wrongly disciplined with a loss of good time – unless the inmate has first obtained an order or judgment invalidating the good-time revocation. *See Antoine v. Ramos*, No. 11-1807, 497 Fed. Appx. 631, 634-635 (7th Cir. Dec. 5, 2012)(citing *Edwards,* 520 U.S. at 647-648; *Moore v. Mahone,* 652 F.3d 722, 723 (7th Cir. 2011)).

This appears to be the case for Plaintiff, as he indicates that he lost good time as part of the discipline imposed, and that his grievance did not succeed in lifting the punishment. (Doc. 1, p. 4, 7). Plaintiff directly challenges the validity of the disciplinary charge and the guilty finding and seeks damages for the due process violation and the punishment imposed on him.  A judgment in Plaintiff's favor would mean that this disciplinary "conviction" was invalid.  The *Heck* doctrine would therefore prevent Plaintiff from pursuing this action for damages unless he has first succeeded in overturning the disciplinary action and loss of good conduct time.

Plaintiff states that his administrative grievance over the disciplinary action yielded no response and that the facility did not lift the disciplinary restrictions. (Doc. 1, p. 4-5). He does not indicate whether he took any further action, such as filing a petition in state court, to challenge the revocation of good conduct time. Illinois courts have recognized a mandamus action pursuant to 735 Illinois Compiled Statutes § 5/14-101, *et seq.*, as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. Ct. App. 2004)(citing *Taylor v.*

*Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. Ct. App. 1981)).

If facts exist to demonstrate that Plaintiff has succeeded in invalidating or expunging the disciplinary revocation of his good time credits, he should include this information in an amended complaint.

### DISPOSITION

**IT IS HEREBY ORDERED** that Count 1 and the Complaint (Doc. 1) are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before March 31, 2021). It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint" and should include the case number for this action (No. 3:20-cv-00303-GCS).

In the amended complaint, Plaintiff shall specify, *by name*,[4] each Defendant alleged to be liable, as well as the actions alleged to have been taken by that Defendant. Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary

---

[4] Plaintiff may designate an unknown Defendant as John or Jane Doe but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original Complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. PROC. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468-469 (7th Cir. 1994); 28 U.S.C. § 1915A. Such a dismissal may count as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).[5]

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint. If the First Amended Complaint fails to survive review under § 1915A, this may also count as a "strike."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

---

[5] The Court notes that Plaintiff has already incurred two "strikes" as defined in 28 U.S.C. § 1915(g) in the following cases: *Henneberg v. Jane Doe #1*, Case No. 20-224 (S.D. Ill. July 16, 2020); and *Henneberg v. City of Chicago*, Case No. 20-2233 (N.D. Ill. Sept. 28, 2020).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Thus, the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: March 3, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.03.03 10:44:51 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**